IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JESSE TOOMEY,  　　　　　　　　　　　　　　　No. 3:13-cv-00751-HZ

　　　　　Plaintiff,　　　　　　　　　　　　　　　OPINION & ORDER

　　v.

CAROLYN COLVIN, Commissioner,
Social Security Administration,

　　　　　　Defendant.

Merrill Schneider
Schneider Kerr & Gibney Law Offices
PO Box 14490
Portland, OR 97293

　　Attorney for Plaintiff

Adrian L. Brown
U.S. Attorney's Office
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

1 - OPINION & ORDER

Lisa Goldoftas
Social Security Administration
Office of General Counsel
701 Fifth Avenue, Suite 2900
Seattle, WA 98104

       Attorneys for Defendant

HERNÁNDEZ, District Judge:

       Plaintiff Jesse Toomey brings this action for judicial review of the Commissioner's final decision denying his application for Child's Insurance Benefits and Supplemental Security Income ("SSI") under Title II and Title XVI of the Social Security, respectively. I have jurisdiction under 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1382(c)(3)). For the following reasons, I affirm the Commissioner's decision.

## BACKGROUND

       Plaintiff was born in 1989, Tr. 206, and was 12 years old at the alleged onset of disability. He obtained a General Education Diploma, Tr. 42, and reports past work as a dock worker and a gas station attendant, Tr. 219. Plaintiff alleged disability since September 1, 2002, Tr. 206, due to severe tic disorder, generalized anxiety disorder, obsessive compulsive disorder, Tourette Syndrome, fatigue, leg pain, and sleep disorder, Tr. 76, 238.

       The Commissioner denied his application initially and upon reconsideration and an Administrative Law Judge ("ALJ") held a hearing on February 28, 2012. Tr. 21. The ALJ found Plaintiff not disabled on March 23, 2012. Tr. 32. The Appeals Council declined review of the matter on March 7, 2013, making the ALJ's decision the final decision of the Commissioner. Tr. 1-5.

/ / /

/ / /

**SEQUENTIAL DISABILITY ANALYSIS**

A claimant is disabled if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated according to a five-step procedure. See Valentine v. Comm'r, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability). The claimant bears the ultimate burden of proving disability. Id.

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c).  If not, the claimant is not disabled.

In step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity (RFC) to perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. In step five,

the Commissioner must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets his burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

The ALJ found Plaintiff's Tourette Syndrome, anxiety, and mood disorder "severe" at step two in the sequential proceedings. Tr. 23-24. At step three, the ALJ found that the impairments, singly or in combination, did not meet or equal the requirements of any listed impairment. Tr. 24-25. The ALJ assessed Plaintiff's RFC and concluded that he could perform "a full range of work at all exertional levels but with the following nonexertional limitations: the claimant [could] perform simple, routine, repetitive tasks that involve brief and occasional interaction with coworkers and the public." Tr. 25-26. At step four, the ALJ found that Plaintiff had no past relevant work. Tr. 30. The ALJ found there were jobs existing in the national economy in sufficient numbers that Plaintiff could have performed. Tr. 30-31. The ALJ therefore found Plaintiff not disabled under the Commissioner's regulations. Tr. 31.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.

This court must weigh the evidence that supports and detracts from the ALJ's conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998)). The reviewing court may not substitute its judgment for that of the Commissioner. Id. (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)); see also Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. Id.; see also Batson, 359 F.3d at 1193. However, this court cannot now rely upon reasoning the ALJ did not assert in affirming the ALJ's findings. Bray, 554 F.3d at 1225-26 (citing SEC v. Chenery Corp., 332 U.S. 194, 196 (1947)); see also Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (citing same).

## DISCUSSION

Plaintiff raises only one error—that the ALJ improperly rejected the opinion of treating physician, Dr. Heather Jones. Pl.'s Br. 2. Generally, social security law recognizes three types of physicians: (1) treating, (2) examining, and (3) nonexamining. Holohan v. Massanari, 246 F.3d 1195, 1201–02 (9th Cir. 2001); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). More weight is given to the opinion of a treating physician than to the opinions of those who do not actually treat the claimant. Id.; 20 C.F.R. §§ 1527(d)(1)-(2), 416.927(d)(1)-(2).

If the treating physician's medical opinion is supported by medically acceptable diagnostic techniques and is not inconsistent with other substantial evidence in the record, the treating physician's opinion is given controlling weight. Orn v. Astrue, 495 F.3d 625, 631 (9th Cir. 2007); Holohan, 246 F.3d at 1202. If a treating physician's opinion is not given controlling weight, the ALJ must articulate the relevant weight to be given to the opinion under the factors provided for in 20 C.F.R. §§ 1527(d)(2), 416.927(d)(2). Orn, 495 F.3d at 631. If a treating or

examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by "providing specific and legitimate reasons that are supported by substantial evidence." Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (citation omitted). "To reject an uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence." Id. (citation omitted). A discrepancy between a doctor's chart notes, recorded observations, and opinions, and an assessment of a claimant's abilities, is a clear and convincing reason to reject the doctor's assessment. Id.

    A.    ALJ's Findings

The ALJ discussed several progress notes and statements from Dr. Heather Jones in the decision denying Plaintiff's claim. Dr. Jones has been Plaintiff's treating physician since October 2009 and is responsible for his medication management. Tr. 369. In June 2010, Dr. Jones noted that Plaintiff had "significant" improvement in "mood and tics," but that he also complained of fatigue and anxiety. Tr. 27 (citing Tr. 329). She prescribed Adderall to combat his fatigue and continued his other medications, which included Sertaline, Klonopin, and Trazodone. Id. Dr. Jones also stated he "would not be likely able to complete tasks in a timely fashion in a work setting." Tr. 29 (citing Tr. 324) (internal quotation marks omitted). Three months later, Plaintiff reported his "panic attacks were getting worse," but admitted he was not taking his medication as prescribed. Tr. 27 (citing Tr. 328). Dr. Jones then added Effexor to his medication regimen. Id.

Plaintiff's symptoms again worsened in December 2010 when he stopped taking two medications and he refused to follow Dr. Jones' recommendation that he change his medications. Tr. 27 (citing Tr. 333). In September 2011, Dr. Jones noted that she had not seen Plaintiff in approximately nine months, but based on their last meeting, he was unable to work due to psychiatric symptoms. Tr. 29 (citing Tr. 332). Plaintiff's depression worsened in December

6 - OPINION & ORDER

2011, apparently due to "the holidays and family issues," and he reported that he avoided going out in public. Tr. 27 (citing Tr. 361-362) (internal quotation marks omitted). Dr. Jones continued his existing prescriptions and added Seroquel and Cymbalta. Id. Three weeks later, Plaintiff felt "a lot better" and his anxiety did not "last as long and it [was] not as bad." Tr. 28 (citing Tr. 363). Dr. Jones continued his medications and increased his Cymbalta dose. Id.

Prior to Plaintiff's February 2012 hearing before the ALJ, Dr. Jones indicated Plaintiff's concentration was markedly limited by his anxiety and depression, and that his pace and concentration were markedly limited by side effects from his medication. Tr. 371. Dr. Jones stated that Plaintiff avoided "leaving his home secondary to panic and depressive symptoms" and concluded that his "mental health symptoms [were] so significant he would be unable to function in any real employment setting." Tr. 370-371.

After considering the above notes and statements, the ALJ gave Dr. Jones' opinion "limited weight" because her statements were "inconsistent with her own treatment notes" and with other evidence in the record. Tr. 29-30. Plaintiff argues those reasons were not legitimate because the ALJ "failed to consider all relevant evidence in assessing Dr. Jones'" opinion. Pl. Br. 12-13. I disagree for the following reasons.

B.   Analysis

Plaintiff argues the ALJ improperly rejected the opinion of Dr. Heather Jones for two reasons. First, the ALJ overstated Plaintiff's improvement when he took his medication. Second, the ALJ relied on a selective discussion of the record. I address each argument in turn.

First, Plaintiff asserts the "overarching reason" the ALJ rejected[1] Dr. Jones' opinion was "the ALJ's impression that [P]laintiff's symptoms improved when he took his medication." Pl.'s

---

[1] Although Plaintiff asserts the ALJ "rejected" Dr. Jones' opinion, the ALJ gave Dr. Jones' opinion "limited weight."

Br. 12.  Plaintiff argues his symptoms did not substantially improve when he took his medication; rather, his response to medication was "topsy turvy" and his symptoms were never "sustainably alleviated through any medication." Pl.'s Br. 12.[2]

Plaintiff does not cite to any medical records to support his arguments. The ALJ, in contrast, discussed several progress notes before finding Plaintiff's medications were "at least partially successful in treating his symptoms." See e.g. Tr. 26 (after starting Fluoxetine in March 2007,[3] Plaintiff "reported having less worry, less frequent and intense panic attacks, and currently feeling 'happy.'"); Tr. 27 (in October 2007, Plaintiff's symptoms improved, and he reported in June 2010 that "the medication seems to be working."); Tr. 28 (in January 2012, Plaintiff stated he felt "a lot better" and that his anxiety did not "last as long and it's not as bad.").

Moreover, the ALJ noted several occasions when Plaintiff's symptoms worsened because he did not take his medications as prescribed. In September 2010, Plaintiff's panic attacks were "getting worse," but he had self-decreased one medication and self-increased another. Tr. 27 (citing Tr. 328). In December 2010, Plaintiff continued to experience significant anxious and depressive symptoms, but again he had self-decreased two medications. Id. (citing Tr. 334). Dr. Jones recommended that he change his medication, but he refused. Id. Additionally, nine months passed between visits with Dr. Jones, causing the ALJ to believe Plaintiff was not "fully engaged in the treatment of his allegedly disabling impairments." Tr. 27 (citing Tr. 332). Plaintiff's non-

---

[2] Plaintiff further argues that "to the extent that the ALJ saw improvement when [P]laintiff was taking his medication," those medications merely "supplanted disabling anxiety with disabling fatigue." Pl.'s Br. 13. This argument is unsupported by the record because fatigue was not a basis for Dr. Jones' opinion that Plaintiff could not work.
[3] Though Dr. Jones did not treat Plaintiff until 2009, the ALJ's references to Plaintiff's 2007 medical records are relevant because they show his symptoms improved when he took medication.

8 - OPINION & ORDER

compliance belies his argument that medication did not improve his symptoms and that the ALJ overstated his improvement.

There was one instance the ALJ did not consider in which Plaintiff took his medication, but still suffered symptoms of anxiety. Dr. Jones examined Plaintiff on January 28, 2010, when Plaintiff reported his anxiety was "a lot better" and that the "medicine helped for a long time, but . . . [then he felt] really anxious and scared all the time of people." Tr. 294. Dr. Jones prescribed a new medicine, Risperidone, to treat his anxiety. Id. I am not persuaded that this instance supports Plaintiff's argument that the ALJ incorrectly found that Plaintiff's symptoms improved with medication. At most, this instance shows that Dr. Jones was working with Plaintiff to fine tune his medication regimen. There is nothing in the record to indicate that Plaintiff's symptoms could not be controlled with medication.

Second, Plaintiff argues the ALJ relied on a "selective discussion of the record" when concluding Dr. Jones' statements were inconsistent with the record. Pl.'s Br. 13. The ALJ found Dr. Jones' statements, like, "[Plaintiff] avoids leaving his home," Tr. 371, inconsistent with evidence that he "engages in activities such as attending music concerts, taking public transit, travel to Phoenix, Oregon, bicycle riding, walking a dog, doing yard work, and camping," Tr. 29-30. The ALJ also found those activities were "inconsistent with [Plaintiff's] allegations of total disability." Tr. 28.

Plaintiff points out that he had attended only two concerts since 2002, Tr. 58, and rarely took the bus, Tr. 61. Furthermore, the record shows Plaintiff had been camping only twice and that his annual visit to Phoenix, Oregon was with his mother to visit his grandmother. See Tr. 60, 61. On the other hand, Plaintiff admitted to riding his bike "every other day" to see friends or "anytime [he] wanted to go out," and that he enjoyed walking his dog around the block. Tr. 58.

9 - OPINION & ORDER

While I agree the ALJ could have more fully described the extent of Plaintiff's activities, those activities, particularly riding his bike every day to see friends, nonetheless support the ALJ's finding that Dr. Jones' statement about Plaintiff's activities was inconsistent with the record.

Thus, the ALJ's reasons for giving Dr. Jones' opinion limited weight were specific, legitimate, and supported by substantial evidence.

## CONCLUSION

Based on the foregoing, the Commissioner's decision is affirmed.

IT IS SO ORDERED.

Dated this \_\_\_7\_\_\_ day of May, 2014

                                                MARCO A. HERNÁNDEZ
                                                United States District Judge